IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeffrey G. Crawford )<br>)<br>Plaintiff, )<br>v. )<br>)<br>Michael J. Astrue, )<br>Commissioner of Social Security Administration, )<br>)<br>Defendant. )<br>_____) | C/A No. 3:08-1708-CMC-JRM<br><br>ORDER |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on July 24, 2009, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), remands the case to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Magistrate Judge recommends that the court reverse the Commissioner's decision and remand the case for further proceedings based on the administrative law judge's ("ALJ") (1) failure to provide specific reasons for discounting Plaintiff's credibility and (2) errors in the ALJ's

2

evaluation of the treating physician's opinion. On August 6, 2009, Defendant filed an objection to this recommendation on two grounds: (1) the ALJ's credibility analysis was sufficient for review, and (2) any errors in the ALJ's evaluation of the treating physician's opinion were harmless. On August 12, 2009, Plaintiff filed a response to Defendant's objections.

**Credibility Assessment.** The Magistrate Judge recommends reversal and remand for further proceedings because the ALJ failed to specify why Plaintiff was not credible. Upon review of the ALJ's decision, the court agrees with the Magistrate Judge's conclusion that the court cannot review the ALJ's decision as to Plaintiff's credibility based on lack of explanation. Although reciting the applicable law, the ALJ did not give specific reasons for the weight given to Plaintiff's statements regarding his pain. The ALJ merely concluded that "the claimant's statements concerning the intensity, persistence and limiting effect of his symptoms are not entirely credible." Tr. 19. Defendant argues that the recitation of medical evidence contained in the two paragraphs preceding the ALJ's credibility conclusion is adequate explanation. The court, however, is unable to discern which particular medical evidence provides a basis to discount Plaintiff's credibility. Some of the medical evidence recited supports Plaintiff's complaints of intensity, persistence, and limiting effect of his pain. On the other hand, some of the medical evidence recited does not. A recitation of all of the medical evidence followed by a conclusion that the claimant's statements concerning pain are not credible is insufficient for a reviewing court to determine whether the ALJ's decision is supported by substantial evidence.

Defendant further argues that the ALJ is not required to provide a factor-by-factor analysis when evaluating the claimant's credibility. Although a factor-by-factor analysis is not required, the ALJ is required to provide an explanation which can be reviewed by the district court. The court

3

cannot speculate as to which medical evidence provides a basis for that conclusion.

**Treating Physician.** The ALJ did not give controlling weight to the opinion of Plaintiff's treating physician regarding Plaintiff's residual functional capacity and disability, as well as the treating physician's opinion as to Plaintiff's pain. The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ set forth reasons for finding that the treating physician's opinions should not be entitled to controlling weight. One of the reasons noted by the ALJ is that the MRIs showed only mild degenerative disk disease ("DDD") in Plaintiff's lumbar and cervical spine and only mild thoracic scoliosis. The record, however, reveals that the MRIs showed "mild to moderate" lumbar DDD, moderate cervical DDD, and moderate scoliosis. The ALJ's erroneous assessment of the medical evidence may have affected the ALJ's assessment of the treating physician's opinion. Defendant argues that an error as to what the MRIs revealed is harmless. The court, however, will not speculate as to the effect of this error on the weight attributed to the treating physician's opinion.

Further, the ALJ gave controlling weight to the opinion of the "State agency medical consultant." Tr. 22. However, there were two state medical consultants. Defendant argues that the reference to one consultant is harmless because the ALJ cited to the reports of the two consultants in the paragraph discussing the state agency medical opinion. The court does not read the Report to recommend reversal and remand based on a scrivener's error. The court does, however, read the Report to recommend reversal and remand based on the ALJ's failure to specify which state medical opinion is consistent with the other medical opinions and the record as a whole. The court agrees

4

that the ALJ's decision is unclear as to what aspect of which state medical opinion is consistent with the other medical evidence in the record. Accordingly, reversal and remand is appropriate.

Each of Plaintiff's specific objections is adequately and properly addressed in the Report. This court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings. Specifically, the Commissioner should properly consider Plaintiff's credibility and the treating physician's opinion in light of all of the evidence.

**IT IS SO ORDERED.**

      s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 17, 2009